BUNN v. CHENEY.

*Appeal from Appanoose District Court — Friday, September 19.*

FRAUDULENT CONVEYANCE.

ACTION in chancery to subject certain real estate, the title of which is in the minor defendants, Thomas A. and Louisa Cheney, to a debt of their co-defendant, R. F. Cheney. Upon the hearing plaintiff's appeal was dismissed. He appeals to this court. The facts of the case appear in the opinion.

*J. W. Perry, Trumbell & Fee* for the appellant — *Miller & Vermillion* for the appellee.

BECK, Ch. J. — The defendant R. F. Cheney, the father of the other defendants who are minors, in July, 1867, purchased a farm in Appanoose county and caused it to be conveyed to his children, his co-defendants in this action. The price paid for the property, as it appears from the deed, was $2,500. More than a year afterward he became indebted to plaintiff, who obtained judgment on his claim and caused the farm to be levied upon and sold on an execution issued upon his judgment, and afterward obtained a sheriff's deed therefor. The object of this action is to declare the deed to the children fraudulent and the title of the land to be held by them in trust for their father, and, by proper decree, to vest it in plaintiff through the sheriff's sale and deed. The circumstances attending the purchase of the land are not before us and there is no competent evidence other than the deed showing how much was paid for the land or the manner of its payment. It does not appear that, at the time of its purchase, the father was indebted in any amount. It very clearly appears that he obtained credit from the plaintiff by false and fraudulent representations, among which was the statement that he was the owner of the farm in question, and it is quite probable that plaintiff trusted him solely upon the belief that this statement was true. It is also well established by the evidence that he was a base hypocrite, a debauchee, a dealer in worthless patent rights and a common swindler, and that in the exercise of his peculiar arts and villainies he obtained property from plaintiff for the value of which the judgment was afterward rendered. But here plaintiff's evidence ends. On the other hand, it is shown by the evidence of three witnesses, his mother, brother and brother's wife, that his children, the other defendants, are possessed of an estate in their own right, and that his mother, who is their guardian, in April, 1867, handed him $2,870 of their money to be invested in lands for their benefit. This was about three months before the purchase of the farm, and the transaction occurred in Missouri. We are unable to disregard the evidence of these three witnesses, and we find nothing in the record that should be regarded as destroying the credit due their testimony. We conclude the facts to be that R. F. Cheney, the father, did have money of his children in his hands for investment, and with it he purchased the land in controversy. In the transaction he shows himself to be more honest and faithful toward his children than toward others; a fact for the credit of human nature and parental affections, we are ready to accept. As before remarked, at the time of the purchase of the farm it does not appear that he was indebted to any one, or that, except to plaintiff, he ever held himself out as the owner of the property; neither is there any evidence connecting his children or their guardian with his fraud upon plaintiff, or any of his many other villainies. There is no law to hold them responsible for their father's wickedness.

The decree of the district court dismissing plaintiff's petition is

Affirmed.